UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 5506**

Samuel Tuccio

**COMPLAINT**

NAME OF PLAINTIFF(S)

v.

FJC Security Services Inc.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 26 2012 ★

LONG ISLAND OFFICE

**BIANCO, J.**
**BROWN, M. J.**

NAME OF DEFENDANT(S)

This action is brought for discrimination in employment pursuant to (check only those that apply):

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

## 199 West Nicholai Street
Street Address

| Nassau | NY | 11801 | 516 938 4652 |
|---|---|---|---|
| County | State | Zip Code | Telephone Number |

2. Defendant(s) resides at, or its business is located at:

## 275 Jericho Turnpike
Street Address

| Nassau | Floral Park | NY | 11001 |
|---|---|---|---|
| County | City | State | Zip Code |

3. The address at which I sought employment or was employed by the defendant(s) is:

## JFK Cargo Center 75, Room 228
Street Address

| Queens | Jamaica | NY | 114430 |
|---|---|---|---|
| County | City | State | Zip Code |

4. The discriminatory conduct of which I complain in this action includes *(check only those that apply).*

- [ ] Failure to hire.
- [✓] Termination of my employment.
- [ ] Failure to promote.
- [ ] Failure to accommodate my disability.
- [✓] Unequal terms and conditions of my employment.
- [ ] Retaliation
- [✓] Other acts *(specify)*: Assigned to 3 undisirable assignments in a row(2 graveyard shifts and all 3 were outdoors)

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
January 20, 2010
Date(s)

6. I believe that the defendant(s) *(check one)*

- [ ] is still committing these acts against me.
- [✓] is <u>not</u> still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)*

- [✓] race _____    [ ] color _____
- [ ] gender/sex _____   [ ] religion _____
- [✓] national origin _____
- [ ] disability _____
- [ ] age. If age is checked, answer the following:

I was born in _____. At the time(s) defendant(s) discriminated against me, I was [ ] more [ ] less than 40 years old. *(check one).*

NOTE:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.

8. The facts of my case are as follows:

**See attached document outlining the facts.**

**See enclosed copy of my EEOC complaint.**

*(Attach additional sheets as necessary)*

NOTE:  As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: **February 3, 2010**
   Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: **April 4, 2012**
    Date

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    ☐ 60 days or more have elapsed.

    ☐ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission *(check one)*:

    ☐ has not issued a Right to Sue letter.

    ☑ has issued a Right to Sue letter, which I **received** on August 1, 2012 .
                         Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

*Samuel J. Tuccio*
PLAINTIFF'S SIGNATURE

Dated: October 26, 2012

199 West Nicholai Street
Address
Hicksville, NY 11801

516 938 4652
Phone Number

rev. 5/1/12

ComplaintUnderTitleVII,ADAorADEAEDNY.rev.5/1/12

-5-

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samuel Tuccio<br>199 West Nicholai<br>Hicksville, NY 11801 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2010-02241 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     July 30, 2012
Kevin J. Berry,                   *(Date Mailed)*
District Director

Enclosures(s)

cc:

FJC SECURITY SERVICES INC.
JFK Cargo Center Bldg 75, Room 228
Attn: Director of Human Resources
Jamaica, NY 11430

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X


_____X
SAMUEL TUCCIO

        Plaintiff,

-against-                                STATEMENT OF FACTS
                                         ( ATTCHED TO COMPLAINT)
FJC Security Services Inc.

        Defendant.

_____X
```

I.)   **DISCRIMINATION IN JOB ASSIGNMENTS**

The Personnel department consisted of Hispanic employees. I had over 10 years of experience as a security guard, passed the fire guard exam with a score of 93, took an optional course so that I could drive a patrol car on the tarmac, got scores of 85 to 95 in my training class, was 66 years old, and a college graduate. In my employment application, I stated that I wanted a day shift. Yet I was given 3 outdoor assignments and 2 of them were on the graveyard shift:

    A.)   Security officer at Terminal 4, 11 PM – 7 AM. [June 1, 2009 – August 8, 2009] Listed below are the jobs at Terminal 4:

    Rover (driving a patrol car on the tarmac)

STATEMENT OF FACTS - OCTOBER 27, 2012        1

    Bravo3 (inside)

    Alpha3 (inside)

    Romeo (inside)

    Delta4 (inside)

    Charlie1 (inside)

    Charlie2 (inside)

    Delta1 (outdoors on the second floor)

    Charlie3 (outdoors)

    Charlie4 (outdoors).

I was assigned to the last 3 positions which were OUTDOOR ASSIGNMENTS).  After I complained to my supervisors that it was unfair for them to assign newly hired employees to the more desirable indoor assignments when I always got the least desirable outdoor assignments, in the middle of July, 2009, I finally got to work inside.

B.) Security officer patrolling the <u>outside</u> of Building 20, 6 PM 2 AM.  [August 10, 2009]  Assignment was refused.

C.) Security officer for Avianca Airlines in Terminal 4 in the bag room, 5 AM – 9 AM.  [August 11, 2009 – January 20, 2010.

Although "bag room" was not stated on the form which I signed(Exhibit A in FJC's answer to my original complaint), I was told by Human Resources that it was the bag room. This meant that I watched the circular luggage handling belts on the first floor near the Airbus 330 airplane itself. The bag room had doors which were 40 feet wide and 50 feet high. The doors were open most of the time with a 30 to 40 mile per hour wind blowing outside the doors. When I complained to the supervisors in the area about the lack of heat in November, 2009, they told me that the heat would not be turned on until after Thanksgiving Day. The "heat" turned out to be 2 large space heaters hanging from the ceiling

I want to subpoena for a deposition other white employees who experienced a similar fate:

1.) Justin Avery. He was in my training class and got 100 on every test.

2.) Lowell Caraballo.

3.) The woman who worked on the tarmac in

STATEMENT OF FACTS - OCTOBER 27, 2012      3

December 2009 – January 2010 (mentioned in my original complaint to the EEOC).

4.) Jenny (last name unknown) who worked for two or three days in the bag room (one of the people who were there temporarily for one day).

With the court's permission, I want to subpoena the names of all the employees in my training class of May, 2009, the scores they received on every test, and the first 3 assignments each employee received.

II.) **DISCRIMINATION BY THE SUPERVISOR, ALBERTO CABANILLA**

When I worked in the bag room, there were 3 or 4 temporary employees there every day. They told me that they had better jobs jobs at the airport but were there for one day only after they requested overtime. They told me that they would never settle for the lousy job which I had. They were nearly always black or Hispanic and scoffed at the idea of being assigned to work on the tarmac guarding the plane as they were too good for this job.

STATEMENT OF FACTS - OCTOBER 27, 2012    4

In December, 2009, it got severely cold and Alberto Cabanilla assigned me and a white woman to work on the tarmac. He took me out of my assignment in the bag room over my protestations and wanted me on the tarmac 2 or 3 days per week. Sometimes I refused to work there and he changed my assignment. Other times, he gave me a choice between working outside or going home. I always went home when given this choice. My complaint to the EEOC is about the specific dates that I was forced to work on the tarmac under extreme weather conditions.

I noticed that FJC's attorney neglected to name the WHITE woman who was forced against her will to work on the tarmac in extreme weather conditions while young, muscular Latino men and women hid inside where it was warm. I might add that young muscular black men and women hid inside where it was warm – even those who were there for one day only.

I noticed that FJC's attorney failed to name the tall black woman who worked at Avainaca as a security guard. For this reason, I want to subpoena the daily sign in sheets at the Avianca office for August 11, 2009 through January 20, 2010.

STATEMENT OF FACTS - OCTOBER 27, 2012     5

FJC's attorney refers to an Exhibit C.  This was a statement which I signed when I applied for employment.  I was never given a copy of this.  Since FJC's application process involves filling out about 30 or mores pages of forms, it is unreasonable for then to expect each new hire to remember the name and telephone number of the people to contact in case of employment discrimination.

I was never told any any time by anyone that seniority had anything to do with my assignments in Part I or Part II of this complaint until January 20, 2012 when the General Manager, James Donohue, brought it up.

Finally, I was terminated for standing up to employment discrimination and this should not be held against me.

Dated: October 26, 2012

Respectfully submitted,

_Samuel J. Tuccio_
Samuel J. Tuccio

199 West Nicholai Street
Hicksville, New York  11801
(516) 938 4652   (voice or fax)