```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAMUEL TUCCIO,                                                  :
                                                                :
                    Plaintiff,                                  :
                                                                :            ORDER
            -against-                                           :       12-CV-5506 (JFB)(GRB)
                                                                :
FJC SECURITY SERVICES INC.,                                     :
                                                                :
                    Defendant.                                  :
----------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On October 26, 2012, *pro se* plaintiff Samuel Tuccio ("Tuccio" or "plaintiff") brought this action alleging race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against defendant FJC Security Services, Inc. ("FJC" or "defendant"). On January 24, 2014, defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. This Court referred that motion to Magistrate Judge Brown on March 3, 2014.

On August 18, 2014, Magistrate Judge Brown issued a Report and Recommendation ("R&R") strongly recommending that defendant's motion for summary judgment be granted in its entirety. Specifically, Magistrate Judge Brown concluded that (1) plaintiff primarily rested on mere denials of defendant's Rule 56.1 Statement of Material Facts ("Def. 56.1"), without citing to supporting admissible evidence; (2) there was no direct evidence of discrimination; (3) under the *McDonnell Douglas* burden-shifting analysis, plaintiff had failed to establish a genuine dispute with respect to whether he had performed his job duties satisfactorily and whether there was an inference of discrimination; and (4) even assuming *arguendo* that plaintiff established a *prima facie* case, plaintiff had failed to rebut defendant's legitimate reason for plaintiff's termination. The R&R stated that "[a]ny written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report," and that failure to file objections

within that period will preclude further review of the R&R. (R&R, at 16.) Plaintiff timely filed objections on September 3, 2014.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Plaintiff's objections are fairly general, and he does not explicitly address Magistrate Judge Brown's conclusion that, even if plaintiff established a *prima facie* case, he failed to rebut defendant's proffered legitimate reasons for any adverse employment actions. Specifically, after summarizing the facts, plaintiff argues that (1) he fully responded to defendant's Rule 56.1 Statement of Facts; (2) it was impossible to cite each relevant page of the sign-in sheets for Avianca Airlines (an exhibit to plaintiff's declaration in opposition to summary judgment) to establish that

he was always assigned to the bag room, because defendant did not include Bates numbers when it produced the document; (3) defendant did not dispute that plaintiff received outdoor standing assignments until he complained to a union representative and his supervisors; (4) the nature of the assignments plaintiff received "proves that something was amiss," and three Hispanic people "were responsible for the processing of all the new security guards and the mating of the job requirements with the job applicant." (R&R Objections, at 9–11.)

First, with respect to his allegedly discriminatory termination, plaintiff does not point to any evidence which undermines the legal conclusions reached by Magistrate Judge Brown in his R&R, and particularly the conclusion that, even assuming plaintiff established a *prima facie* case, FJC offered a legitimate, unrebutted reason for plaintiff's termination: his January 2010 refusal of an assignment from his supervisor to work outside, which was followed by plaintiff's attempt to exit the premises by breaching a perimeter security door into a restricted area, thus sounding an alarm and causing building security, the Department of Homeland Security, and the Port Authority Police to respond. Plaintiff does not dispute the facts underlying the proffered reason for his termination, or even that his conduct was the basis for his termination. Instead, as Magistrate Judge Brown noted, plaintiff points solely to the very events that triggered his discharge. (*See* Opp'n to Summary Judgment, at 28–30.) Moreover, the question is not whether defendant's decision to fire plaintiff was correct, but whether it was discriminatory. *See, e.g.*, *Koleskinow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 111 (S.D.N.Y. 2009) ("Where a plaintiff has been terminated for misconduct, the question is not 'whether the employer reached a correct conclusion in attributing fault [to the plaintiff] . . . , but whether the employer made a good-faith business determination.'" (quoting *Baur v. Rosenberg, Minc, Falkoff & Wolff*, No. 07-Civ.-8835, 2008 WL 5110976, at *5 (S.D.N.Y. Dec.

2, 2008))); *Agugliaro v. Brooks Bros., Inc.*, 927 F. Supp. 741, 747 (S.D.N.Y. 1996) ("Even assuming defendants were wrong in their belief that plaintiff had engaged in sexual misconduct, what is significant is that they based their decision to dismiss plaintiff on that belief, and not on his age, gender, or pension status."); *see also Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) (An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."). As Magistrate Judge Brown correctly concluded after a thorough review of the record, plaintiff has set forth no evidence that his termination from FJC was motivated by his race, rather than because of that incident in January 2010. There also is no evidence that any of the individuals who terminated plaintiff harbored any racial or national origin bias. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 222 (2d Cir. 2004) (evidence that plaintiff's colleague made racially derogatory remarks were insufficient to raise an inference of discrimination, where there was no evidence that the colleague played a role in the decision to terminate plaintiff, and where there was no evidence of bias on the part of those who did decide to terminate plaintiff). In short, given the uncontroverted facts in the record, no rational jury could find that the termination was motivated by race.

Second, with respect to the allegedly unequal terms and conditions of plaintiff's employment, the Court agrees with Magistrate Judge Brown that plaintiff has failed to come forward with any evidence supporting a genuine dispute of material fact as to whether Caucasian airport security agents were given less desirable assignments that minority agents with lesser credentials. For instance, plaintiff does not dispute that his job assignments fell within the ambit of his duties as an airport security agent. Further, contrary to plaintiff's allegations, evidence submitted by

4

defendant establishes that minority and Caucasian security agents were regularly posted at both indoor and outdoor posts (including one instance where a Caucasian supervisor assigned plaintiff to an outdoor post). (*See, e.g.*, Def. 56.1 ¶¶ 63–68, 84, 86–95.) Plaintiff has not come forward with any admissible evidence creating a genuine dispute as to this fact. In addition, none of the statements and actions by defendant's supervisor, Cabanilla, such as his directing plaintiff to sit in the back seat of a car so that two Hispanic females could sit up front and his statement that plaintiff "is not going to be here very long," support the conclusion that racial rather than personal animosity or other reasons motivated Cabanilla's actions. Finally, the mere fact that individuals who worked in the personnel office were Hispanic does not support a reasonable inference by a rational jury that these individuals gave minority employees more favorable indoor or sitting assignments. In short, a plaintiff's "mere subjective belief that he was discriminated against because of his race does not sustain a race discrimination claim." *Joseph v. Owens & Minor Distrib., Inc.*, — F. Supp. 2d —, 2014 WL 1199578, at *8 (E.D.N.Y. Mar. 24, 2014) (internal quotation marks and citation omitted). "Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable." *Nakis v. Potter*, No. 01-CV-10047, 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004). As Magistrate Judge Brown concluded, that is precisely the case here. Given the uncontroverted facts in the record, no rational jury could find that the terms and conditions of plaintiff's employment were motivated by race. Therefore, plaintiff has failed to set forth a *prima facie* case of race discrimination, much less rebutted defendant's legitimate explanations for the assignments plaintiff received.

Having conducted a *de novo* review of the R&R, and having considered plaintiff's objections, the Court adopts the analysis and recommendation in the thorough and well-reasoned

R&R from Magistrate Judge Brown in their entirety. Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2014
      Central Islip, New York